UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ALICIA PARKER, an Individual,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**HARVEST DIRECT, LLC., a**<br>**Massachusetts Limited Liability Company,**<br><br>        **Defendant.** | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **ALICIA PARKER** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **MEEHAN, BOYLE, BLACK & BOGANOW**, **P.C.** hereby submits the following Complaint and Demand for Jury Trial against Defendant **HARVEST DIRECT, LLC** (hereafter referred to as "Defendant Harvest Direct" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a Pressure Pro pressure cooker, Model No. YBW60P (hereafter generally referred to as "pressure cooker(s)").

2. Defendant manufactures, markets, imports, distributes and sells a wide-range of consumer products, including the subject Pressure Pro pressure cooker at issue in this case.

3. On or about May 18, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off

the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5. Plaintiff was, at all relevant times, a resident of the City of Pawtucket, County of Providence, State of Rhode Island.

6. Defendant designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Pressure Pro pressure cookers.

7. Defendant is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 83 Woodrock Road, Weymouth, MA 02189. Accordingly, Defendant is a resident and citizen of the State of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

10. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Massachusetts; and has intentionally availed itself of the markets within Massachusetts through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

11. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

12. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to have "Built-In Safety Features," misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. Said "Safety Features" include, but are not limited to, the following:

- Lid Safety Device: Prevents pressure build-up if lid is not closed properly and prevents lid from opening until all pressure is released.

- Pressure and Temperature Sensor Controls: Maintain even heat and pressure by automatically activating or deactivating the power supply.

- "Back-up" Safety Release Valve: Should the Temperature/Pressure Sensor device malfunction, causing pressure to build beyond maximum setting, the "Back-Up" will automatically "kick in" and release the built-up pressure.

- "Clog Resistant" Feature: Prevents food from blocking the steam release port.

- "Spring-Loaded" Safety Pressure Release: Should all safety features listed above fail, this "spring-loaded" device located beneath the heating element will automatically lower the Inner Pot, causing it to separate automatically from the Rubber Gasket. This will enable the steam and pressure to automatically escape around the pot Lid, avoiding a dangerous situation.

- Temperature "Cut-Off" Device: Should the unit malfunction and cause the internal temperature to rise beyond the "Safe" limit, this device will cut-off the power supply and will not automatically reset.[1]

13. By reason of the foregoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

---

[1] Attached hereto and incorporated by reference as Exhibit A is the Pressure Pro Model No. YBW60P Owner's Manual. *See* e.g. pg. 4.

14. On or about May 18, 2019 Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed and sold by Defendant for its intended and reasonably foreseeable purpose of cooking.

15. While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns.

16. Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

17. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

18. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

19. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

20. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

21. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such

products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

22. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

## COUNT I
## NEGLIGENT PRODUCTS LIABILITY - MANUFACTURING DEFECT

23. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

24. At the time of Plaintiff's injuries, Defendant's Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

25. Defendant's Pressure Cookers were in the same or substantially similar condition as when they left the possession of Defendant.

26. Plaintiff did not misuse or materially alter their respective Pressure Cookers.

27. The Pressure Cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

28. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

    a. The Pressure Cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendant failed to warn and place adequate warnings and instructions on the Pressure Cookers;

    e. Defendant failed to adequately test the Pressure Cookers; and

    f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

29. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT II
## NEGLIGENT PRODUCTS LIABILITY - DESIGN DEFECT

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. Defendant is the manufacturer, seller, distributor, marketer, and supplier of the subject Pressure Cookers, which was negligently designed.

32. Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

33. As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contain defects in their design which renders them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the design

allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

34. Plaintiff in this case used her Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

35. The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

36. The design defects allowing the lid to open while the unit was still pressurized directly rendered the Pressure Cookers defective and were the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Pressure Cookers.

37. As a direct and proximate result of Defendant's negligent design of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

38. Despite the fact that Defendant knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT III
## NEGLIGENT PRODUCTS LIABILITY - FAILURE TO WARN

39. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

40. At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

41. Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

42. As a direct and proximate result of Defendant's negligent failure to warn of the dangers of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

43. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT IV
## NEGLIGENCE

44. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

45. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

46. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

47. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively marketed its Pressure Cookers through social media and other advertising outlets; and

   d. Were otherwise careless or negligent.

48. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market (and continues to do so) its Pressure Cookers to the general public.

   **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

### COUNT V
### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

49. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50. Defendant manufactured, supplied, and sold its Pressure Cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

51. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

52. Defendant's Pressure Cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

53. The Plaintiff in this case reasonably relied on Defendant's representations that its Pressure Cookers were a quick, effective and safe means of cooking.

54. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

55. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

56. At the time Defendant marketed, distributed and sold its Pressure Cookers to the Plaintiff in this case, Defendant warranted that its Pressure Cookers were merchantable and fit for the ordinary purposes for which they were intended.

57. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

58. Defendant's Pressure Cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

59. Plaintiff purchased her Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

60. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## INJURIES & DAMAGES

61. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident on or about May 18, 2019. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

62. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident on or about May 18, 2019. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

63. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident on or about May 18, 2019. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D. That all costs be taxed against Defendant;

E. That prejudgment interest be awarded according to proof;

F. That Plaintiff be awarded attorney's fees to the extent permissible under Federal and Massachusetts law; and

G. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**T**he Plaintiff,

By Her Attorneys

MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.

_____
Robert F. Foster, Esq.; BBO No. 697532
rfoster@meehanboyle.com
Peter J. Ainsworth, Esq.; BBO No. 658704
painsworth@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300

DATED:   May 9, 2022

*In association with*:

**JOHNSON BECKER, PLLC.**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be Filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com

DATED:   May 9, 2022